Sheldon Young,
    Plaintiff

vs.

Anne-Leigh Gaylord Moe,
Individually and in her official
capacity as Circuit Court Judge of the
Thirteenth Judicial Circuit
In and for Hillsborough County,
    Defendant

RECEIVED

2020 MAY 27  PM 3: 23

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

8:2020CV 1225 T 23 JSS

## "JURISDICTIONAL BASIS"

I. I Sheldon Young (Plaintiff) claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II. I Sheldon Young (Plaintiff)  brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to me by the Fifth and Fourteenth Amendments of the federal Constitution, by the defendant under color of law in her capacity as a judge in the Superior Court of Hillsborough County.

"I bring this action against Judge Anne Leigh Gaylord Moe, a Judicial officer, pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the Fifth and Fourteenth Amendments to the U.S. Constitution and redressable pursuant to **Spano v. Bruce 816 So.2d 714.**

## "PARTIES"

III. Plaintiff Sheldon Young is a natural person residing at 2212 E. Fern St. Tampa, FL 33610, Hillsborough County.

IV. Defendant is a Judge presiding at the Thirteenth Judicial Circuit Court of Florida 800 E. Twiggs St., Room #429 Tampa, FL 33602 Courtroom #413.



1

## "STATEMENT OF CASE"

Title 42 U.S. Code § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The burden of proof is upon me to show that the defendant judge acted unconstitutionally and outside of her jurisdiction. If the judge engages in an egregious discrimination against a minority male in a family court case and treats them suspiciously in court, these situations can give rise to a claim of denial of equal protection under the Fourteenth Amendment. Every father has a constitutional **right** to be an active and integral part of their child life. This **right** is presumed to be protected by the Fourteenth Amendment to the United States Constitution and is a "Fundamental **Right**" that may be interfered with only in limited circumstances.

Therefore, it is stated that "Before a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence. A "clear and convincing evidence" standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process. In a 15-minute hearing Judge Anne-Leigh Moe suspended my timeshare on April 23, 2018 with no factual findings. The defendant later ordered a mental health and psychiatric evaluation (April 2018) along with a social investigation and study (May 2018). I the plaintiff completed every task ordered by the defendant in a timely manner.  As of today, May 26, 2020, my timeshare has not been reinstated and due to the false allegations, that I have a mental health problem and that I am a danger to my daughter. Before Judge Anne-Leigh Gaylord Moe there where two doctors that were subpoenaed to court at my expense but per her orders. Before Judge Gaylord Moe was Dr. Pragnesh Patel (licensed psychiatrist) and Dr. Michael Maher (licensed physician and psychiatrist). Both doctors conducted an evaluation on myself and determined that I did NOT show ANY signs of a mental crisis or impairment, did NOT need medication, did NOT require treatment, and was NOT a danger to myself or others. Please see below the transcripts from a hearing held August 1, 2019:

**Dr. Pragnesh Patel, M.D. (A) and Attorney Lakeisha Simms (Q)**

6   Q   *I'd like to show you what's been pre-marked as*

7   *Petitioner's Exhibit 1.  Do you recognize this document?*

8   A   *Correct.*

9   Q   *Is this your evaluation of Mr. Young, your*

10   *report?*

11   A   *That's correct.*

12   Q   *On the last page of it you stated in regards*

13   *to your other recommendations, that the patient does not*

14   *meet the criteria for inpatient admission, is not a*

15   *safety risk to self or others.  Inpatient treatment*

16   *offers no significant advantages over outpatient*

17   *treatment for this patient.  Was that correct?*

18   A   *That's correct.*

19   Q   *Were there any other concerns that were raised*

20   *in this assessment that aren't in your report?*

21   A   *Concern regarding?*

22   Q   *About his mental health.*

23   A   *Well, I think I'll have to refer to my*

24   *evaluation.  I didn't see any significant concern at the*

25   *time of the initial assessment.*

3

**Dr. Michael Maher, M.D.  conclusion:**

8      *My conclusion that he has a great deal to*

   9  *offer his child is based on the information that I was*

  10  *able to obtain from him, his presentation to me, his*

  11  *commitment to pursue the evaluation.  It is based on my*

  12  *belief that regardless of other circumstances, he has*

  13  *the desire and the potential to offer his child real and*

  14  *good love, bonding, parenting, etcetera, which would be*

  15  *positive for any child under any circumstances.*

Furthermore, there was a social investigation that was done on myself and family also had no factual finding that would cause suspicion that myself or my family would be a danger or unfit to be apart of my daughter life.  There were also records submitted by the CJC that showed that the child enjoyed a loving, comfortable relationship with me and her siblings. There were no display signs of fear at these monitored visits.

After numerous of court dates and tons of submitted documents to the courts Judge Anne-Leigh Gaylord Moe had no grounds to remove me from my daughter life.  The Defendant has established policies, procedures, and precedents denying me a full and prompt hearing and stripped me of being a physical parent and having legal custody by giving full physical and legal custody to the other parent. This is a clear violation of the Fourteenth Amendment to the United States' Constitution under color of law. For The Reason That Judge Gaylord Moe so willingly and wrongfully put this order in place the mother has went above and beyond measures to make sure it is impossible for me to have any knowledge of my daughter's well-being. The mother has removed me from the school records preventing me from checking on her schooling and I've also been removed from her medical records preventing me from making sure she is up-to-date with vaccines, which are both a violation of a parenting plan that was put in place prior to my

timeshare being suspended. I have had my parental rights and other fundamental rights restricted under color of law. Without Just cause my parental rights having been severely restricted in favor of the mothers even after complying with all the requirements of the court. When the dispute is between two fit parents, the best interest of the child standard controls because both parents are presumed to be equally entitled to custody.

As I have stated the Fourteenth amendment states that, **"every father has a constitutional right to be an active and integral part of their child life. This right is presumed to be protected by the Fourteenth Amendment to the United States Constitution and is a "Fundamental Right" that may be interfered with only in limited circumstances".** Restraining orders court or any type of court order signed by a judge forcing men or women out of their homes based on abuse allegations in state courts are a primary and rampant example of violations of constitutional rights today, and certainly actionable in federal court. The first ten amendments of the Bill of Rights are self-explanatory. Violations of any of the rights described in these amendments give rise to causes of action, both against state judges under Title 42 U.S.C. § 1983 and arguably against federal judges in Bivens Actions.

As a result of the above deprivation of rights, I the Plaintiff have suffered profound injuries; the bond between a parent and child has been perhaps permanently injured in ways that are not quantifiable. I have suffered physical pain, emotional pain, and mental anguish as a result of said deprivations...

## "PRAYER FOR RELIEF"

Wherefore I, Sheldon Young the plaintiff prays this Court issue equitable relief as follows:

1. I would like an apology to me and my family (including my daughter).
2. Issue declaratory relief as this Court deems appropriate just.
3. Issue other relief as this Court deems appropriate and just.
4. Award plaintiff my costs of litigation.
5. Attend some type of training to help her become a better (Unified Family Court) Judge, that way she could help families rather than rip families apart.

Respectfully submitted,

This 27th day of May 2020

Sheldon Young
2212 E. Fern St,
Tampa, FL 33610
(813) 862-6704

## STATEMENT OF VERIFICATION

I have read and written the above complaint and it is correct to the best of my knowledge.